Filed 7/12/21  P. v. Binns CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B309838 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA028021) |
| v. | |
| KEYRON LAMONT BINNS, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Keyron Lamont Binns, convicted in 1997 of attempted murder, carjacking, home invasion robbery, kidnapping for the purpose of carjacking or robbery and various other charges and sentenced to an aggregate indeterminate state prison term of 195 years to life after the trial court found he had suffered three prior serious or violent felonies within the meaning of the three strikes law,[1] appeals the superior court's summary denial of the recommendation by the Secretary of the California Department of Corrections and Rehabilitation (Secretary) pursuant to Penal Code section 1170, subdivision (d)(1),[2] that Binns be resentenced by striking the several five-year sentencing enhancements that had been imposed pursuant to section 667, subdivision (a). No arguable issues have been identified following review of the record by Binns's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Binns in his supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Binns's sentence includes eight consecutive three strikes sentences of 25 years to life and multiple three-year enhancements for personal use of a firearm (§ 12022.5, subd. (a)), as well as five-year enhancements pursuant to section 667, subdivision (a), for prior serious felony convictions. At the time of Binns's conviction and sentencing, imposition of the section 667,

---

[1]     On appeal this court affirmed Binns's convictions but remanded for resentencing. (*People v. Binns* (Jan. 26, 1999, B119375) [nonpub. opn.].) Following resentencing we affirmed the judgment. (*People v. Binns* (Apr. 17, 2000, B130456) [nonpub. opn.].)

[2]     Statutory references are to this code.

subdivision (a), prior serious felony sentencing enhancement was mandatory. However, Senate Bill No. 1393 (2017-2018 Reg. Sess.), effective January 1, 2019, now allows a trial court to dismiss the enhancement in furtherance of justice. The ameliorative benefits of this measure are retroactive only to cases that were not yet final prior to its effective date. (See *People v. Stamps* (2020) 9 Cal.5th 685, 695-699.)

On January 24, 2020 the Secretary wrote the superior court "to provide the court with authority to resentence" Binns pursuant to section 1170, subdivision (d). The Secretary recommended that Binns's sentence be recalled and he be resentenced "[i]n light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1)."

The Secretary's recommendation was placed on calendar on July 31, 2020. The People were represented; Binns was not present and had not been appointed counsel. The court denied the request, explaining, "It remains in the discretion of the court whether or not to resentence, and I decline to do so. The crimes in this case were horrendous and the damage done to people as the court, not me, but the court who sentenced the defendant, noted it deserved the lengthy sentence that it received. And for that reason, I decline to order a resentence."

Binns filed a notice of appeal on January 26, 2021 that this court deemed timely.

## DISCUSSION

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Binns on appeal. After reviewing the record, appointed counsel filed a brief raising

3

no issues.  Appointed counsel advised Binns on June 8, 2021 that he could submit a brief or letter raising any grounds of appeal, contentions or arguments he wanted the court to consider.

On June 23, 2021 we received a three-page typed supplemental brief from Binns, which attached documents from his prison file.  In his brief Binns cited this court's opinions in *People v. McCallum* (2020) 55 Cal.App.5th 202 (*McCallum*) and *People v. Frazier* (2020) 55 Cal.App.5th 858 (*Frazier*) and argued he was deprived of his right to present additional materials in the superior court in support of the Secretary's resentencing recommendation.

In *McCallum* we held the superior court abused its discretion in rejecting the Secretary's recommendation without allowing the inmate to present additional relevant information once the inmate had requested an opportunity to do so. (*McCallum*, *supra*, 55 Cal.App.5th at p. 216.)  We reiterated the limited nature of the *McCallum* holding in *Frazier*:  "[A]n inmate may seek to present information to the court to supplement or enhance the material submitted by the Secretary.  When that occurs, it is an abuse of discretion for the court to deny the Secretary's recommendation without permitting the inmate to do so." (*Frazier*, *supra*, 55 Cal.App.5th at p. 869.)  Nothing in the record on appeal or in Binns's supplemental brief and attached materials indicates Binns made any such request.

Because no cognizable legal issues have been raised by Binns's appellate counsel or by Binns or identified in our independent review of the record, the order denying the postjudgment motions is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People*

4

*v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.